# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1574

_____

United States of America,

        Appellee,

v.

Byron Raymond Miller,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: August 6, 2009
Filed:  August 17, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Byron Miller (Miller) appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of conspiracy to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, and Miller has filed a pro se supplemental brief asserting seven more challenges.  For the reasons that follow, we affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Miller's November 2007 trial included evidence that law-enforcement officials in Des Moines, Iowa, were conducting surveillance in April 2006 as part of a narcotics investigation targeting Giberto Segura, who cooperated after his arrest, as did Manuel Haros, Segura's methamphetamine source, and Jesus Guadalupe Silva-Mondragon, Haros's methamphetamine source. The testimony of these witnesses, along with testimony of law-enforcement officials, established that Miller repeatedly picked up drug-buy money from Segura in Des Moines, then returned to Segura to deliver methamphetamine that Miller had picked up from Silva-Mondragon in Omaha, Nebraska. At first, Miller delivered a couple of ounces at a time, but the amounts increased to a pound or more at a time. Miller admitted these transactions after law-enforcement officials stopped him for a traffic violation in July 2006. After the jury found him guilty, the district court sentenced Miller, a career offender under U.S.S.G. § 4B1.1, at the bottom of the advisory Guidelines range to 360 months in prison and 5 years of supervised release.

We conclude that the evidence, viewed in the light most favorable to the government and with all reasonable inferences made in support of the jury's verdict, was sufficient to allow the jury to find Miller guilty as charged. See United States v. Vinton, 429 F.3d 811, 815 (8th Cir. 2005) (describing the elements of a conspiracy to distribute methamphetamine); United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005) (standard of review); United States v. Dugan, 238 F.3d 1041, 1044-45 (8th Cir. 2001) (explaining an appellate court does not reweigh evidence or test the credibility of witnesses when reviewing the sufficiency of evidence).

Miller's pro se arguments also fail. Specifically, (1) federal jurisdiction was not lacking, (2) Miller waived his right to assert a violation of his right to a speedy indictment or speedy trial by failing to move for dismissal before trial, (3) Miller was represented by counsel at all times and did not ask to proceed pro se, (4) there is no indication any evidence was withheld, (5) the evidence did not need to span every month alleged in the indictment, and (6) there was no motion to disqualify

government counsel or showing counsel was disqualified. Miller's arguments related to counsel's performance are not properly before us.  See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (reiterating appellate courts ordinarily defer ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

Finally, we independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues.  We affirm the judgment of the district court.

_____